EXHIBIT "A"

 **Department of Financial Services**

ANDREW M. CUOMO
Governor

LINDA A. LACEWELL
Superintendent

STATE OF NEW YORK
Supreme Court, County of BRONX

22722/20E

JOSEPH ADAMS                                                                 Plaintiff(s)

against

                                                                              Defendant(s)

Travelers Casualty and Surety Company

RE :Travelers Casualty and Surety Company formerly known as Farmington Valley Insurance Company
Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Notice of Entry in the above entitled action on March 10, 2020 at New York, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

   ANDREW F. PLASSE & ASSOCIATES LLC
   163-07 DEPOT ROAD
   SUITE 205
   flushings, New York 11358

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

   Corporation Service Company
   Travelers Casualty and Surety Company
   80 State Street
   Albany, New York 12207-2543

                                                                   [signature]

                                                                   **Ellen R Buxbaum**
                                                                   **Special Deputy Superintendent**

Dated Albany, New York, March 16, 2020
634389

STATE OF NEW YORK
SUPREME COURT     COUNTY OF BRONX
-----------------------------------------------------------X

JOSEPH ADAMS,

                          Plaintiff,

- against -

TRAVELERS CASUALTY and SURETY COMPANY,

                          Defendant.

-----------------------------------------------------------X

**SUMMONS**
Index No.: 22722/2020E
Date Filed: 2/25/20
*Plaintiff designates Bronx County as the Place of Trial*
*The Basis of Venue is the Plaintiff's residence.*

3-10-2020
DL

**TO THE ABOVE NAMED DEFENDANT:**

       **YOU ARE HEREBY SUMMONED** to Answer the Complaint in this action and to serve a copy of your Answer, or of the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty [30] days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:       February 24 2020
                  Flushing, New York

                                                      Yours, etc.,

                                            *[signature]*
                                           ANDREW F. PLASSE & ASSOCIATES LLC
                                           Attorney for the Plaintiff
                                           Office and P.O. Address
                                           163-07 Depot Road, Suite 205
                                           Flushing, NY 11358
                                           (212) 695-5811

DEFENDANT'S ADDRESS:
1 Tower Square, Hartford CT 06183

STATE OF NEW YORK
SUPREME COURT     COUNTY OF BRONX
-------------------------------------------------------------X

JOSEPH ADAMS,

                                                        **COMPLAINT**
                        Plaintiff,             Index No.: 22722/2020E

    – against –

**TRAVELERS PROPERTY & CASUALTY INSURANCE COMPANY,**

                        Defendant.

-------------------------------------------------------------X

    Plaintiff, by his attorney, ANDREW F. PLASSE & ASSOCIATES, LLC, as and for his Complaint, hereby alleges and shows to the Court the following:

    1. At all times hereinafter mentioned, the Plaintiff Joseph Adams is an individual who resides in Bronx, NY.

    2. At all times hereinafter mentioned, the Defendant Casualty and Surety Company (hereinafter referred to as "Travelers") is a foreign Connecticut corporation authorized to issue liability insurance to residents of the State of New York.

AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS "1" - "2" AGAINST THE DEFENDANT AND FURTHER ALLEGES THE FOLLOWING:

    3. At all times hereinafter mentioned, the Defendant Travelers was authorized to issue policies of insurance to homeowners in the State of New York.

    4. At all times hereinafter mentioned, the Defendant Travelers was authorized by the Superintendent of Insurance of the State of New York to engage in the business of

2

insurance in the State of New York and to issue policies of insurance including the policy herein sued upon.

5. Prior to December 24, 2008, Defendant Travelers did, for good and valuable consideration, issue to Wendy Airday and George Airday a certain Homeowners' Policy of Insurance bearing policy number978894875-633-1 (hereinafter referred to as the "Policy"), insuring Liability coverage for damages because of bodily injury or property damage caused by an occurrence to which the coverage applies, including paying up to the limit of liability for the damages to for which the insured in legal liable and to provide a defense for a term commencing December 22, 2008 and ending on December 22, 2009 with respect to covered persons.

6. The Policy issued by Defendant was a Homeowner's policy which provided coverage for an "occurrence" which was described as an "accident, including exposure to conditions, which results during the policy period, in bodily injury or property damage during the period commencing  and ending  for members of the Insured's household.

7. Upon information and belief, Daniel F. Airday was a member of the insured's household.

8. That on December 24, 2008, Daniel F. Airday, negligently and recklessly caused injuries to the plaintiff while intoxicated.

9. The plaintiff Joseph Adams, commenced an action against Daniel Airday for personal injuries in the Supreme Court, Bronx County under Index No. 26078/2014

10. Plaintiff obtained a default judgment against Daniel F. Airday on the issue of liability and Notice of Entry of the Order for Default Judgment was served by mail on or about August 31, 2015.

11. Plaintiff appeared for an inquest into damages on or about and the Court awarded plaintiff the sum of Five Hundred Thousand ($500,000.00) Dollars with interest from August 31, 2015 at the rate of 9% compounded per annum.

12. That following an inquest into damages, on December 21, 2016, a judgment was entered in favor of the plaintiff against the defendant, a copy of which is annexed hereto, for the sum of FIVE HUNDRED SIXTY THOUSAND EIGHT HUNDRED FORTY FIVE ($560,845.00) DOLLARS and ZERO CENTS.

13. That on the date of the incident, Wendy Airday and George Airday were a insured under a policy of homeowners liability issued by Defendants

14. That the subject policy provided that an insured included anyone in the household of Wendy Airday and George Airday.

15. That upon information and belief, at the time of the incident on December 24, 2008, Daniel Airday was a member of the household of Wendy Airday and George Airday.

16. Upon information and belief on or about December 7, 2017, the insureds Wendy Airday and George Airday, notified the defendant of this incident.

17. On or about December 8, 2017, Travelers Insurance contacted the Attorney for the Plaintiff for information regarding the claim. The information was emailed to Matt Gray at Travelers insurance Company.

18. On or about December 27, 2017, Travelers mailed a disclaimer letter to plaintiff's attorney setting forth that Notice was untimely and that the alleged incident was not covered.

19. Upon information and belief, Travelers assigned a claim number to this matter 272 LR H6W5419.

20. That on or about March 20, 2018, a copy of the Judgment was served upon the Defendant Travelers.

21. That more than thirty days have elapsed, and payment of the aforesaid judgment has not been made.

22. That pursuant to New York State Insurance Law 3420(a)(2) and 3420(b), the Defendant is responsible directly to plaintiff, Joseph Adams, for the payment of the aforesaid judgment pulse interest from the date of entry.

23. Upon information and belief, Defendant failed to timely disclose coverage within a reasonable time and is obligated to indemnify and/or defend its insureds.

24. Upon information and belief, Insurance Law 3420(a) provides that failure to give timely notice shall not invalidate the claim unless the failure to provide timely notice has prejudiced the insurer.

25. Upon information and belief, there is no prejudice to the Defendant herein. Although the alleged incident occurred in December 2008, there are police investigation reports and photographs of the incident. Upon information and belief, the police investigation is thorough and comprehensive and comparable if not better than an insurance investigation.

26. The defendant cannot claim prejudice due to the default judgment, since said judgment was not on the merits, and plaintiff's counsel would consent to vacate the default judgment in the event of coverage by the defendant, and/or defendant can still

move to vacate the Judgment, to which plaintiff again, would consent to if defendant provided coverage.

27. The policy involved herein defines "occurrence" as an accident including continue or In order to determine whether the action is intentional the critical issue is whether the harm to the victim was expected or intended by the protected person or the insured.

28. The insured minor was intoxicated and his conduct, while reckless, could not be said to be anticipated given his inebriated condition.

29. The insured plead guilty to Disorderly Conduct, which is not a criminal conviction.

30. Upon information and belief, the defendant's disclaimer of coverage on the basis that this incident was not an "occurrence" as defined by the policy is without merit.

31. As to the blanket exclusion stating that the allegations in the underlying complaint were for assault and battery, in interpreting an insurance contact, issues of ambiguity must be resolved against the Insurance Company. When such coverage is permissible, depends on whether the insured in committing his act, actually intended to cause injury. One whose intentional act causes an unintended injury may be so indemnified. As the blanket assault and battery exclusion defies the reasonable expectations of the insured, it should be stricken as unenforceable.

32. On or about May 4, 2018, a second copy of the Judgment with Notice of Entry was sent by certified mail, return receipt requested to Nationwide, requesting that payment in full be made.

33. That more than thirty five days have elapsed since May 4, 2018 and payment remains outstanding.

34. That by virtue of the following, defendant is liable for payment of the Judgment entered against its insured.

35. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS "1" – "35" AGAINST THE DEFENDANT AND FURTHER ALLEGES THE FOLLOWING:

36. It is well settled that an insurer's duty to defend its insured is broader than its obligation to pay damages incurred by events covered by a particular policy.

37. Defendant can appear in this action, move to vacate the judgment and defend the matter on its merits.

38. Plaintiff respectfully requests, that the Court Order issue a declaratory judgment, directing the defendant to represent Daniel F. Airday.

**WHEREFORE,** Plaintiff demands Judgment as follows:

I. Judgment in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

II. Judgment on the Second Cause of Action issuing a Declaratory Judgment that the Defendant is obligated to defend and indemnify Daniel F. Airday;

III. Together with the costs and disbursements of this action and for such other and further relief as to this Court seems just and proper.

DATED: February 24.2020

Flushing, New York

        Yours, etc.,

        _____
        ANDREW F. PLASSE & ASSOCIATES LLC
        Attorney for the Plaintiff
        Office and P.O. Address
        163-07 Depot Road, Suite 205
        Flushing, NY 11358
        (212) 695-5811

## VERIFICATION

STATE OF NEW YORK    )
COUNTY OF QUEENS   ) ss.:

I, the undersigned, an attorney duly admitted to practice law in the State of New York, state that I am attorney of record for Joseph Adams, the plaintiff in the within action; I have read the foregoing COMPLAINT and I know the contents thereof; the same is true as to my own knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe it to be true; the reason why this verification is made by me and not by Joseph Adams, is because he resides outside of the County of Queens, and is outside the principal location of my office which is located in Queens County.

The grounds of my belief as to those matters not stated upon my own knowledge are as follows: Review of his file maintained by my office in the ordinary course of business.

DATED:    February 24 2020
             Flushing, New York

_____
ANDREW F. PLASSE

9

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** BRONX
-----------------------------------------------------------------X
JOSEPH ADAMS

                        Plaintiff/Petitioner,

    - against -                                     Index No. 22722/2020E

TRAVELERS CASUALTY and SURETY COMPANY

                        Defendant/Respondent.
-----------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper,** unless you choose to participate in e-filing.

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: February 25, 2020

# ANDREW F. PLASSE
Name

ANDREW F. PLASSE & ASSOCIATES LLC
Firm Name

163-07 Depot Road, Suite 205

Flushing, NY 11358
Address

(212) 695 5811
Phone

ANDREWPLASSE@AOL.COM
E-Mail

To:  TRAVELERS CASUALTY

1 Tower Square

HARTFORD CT 06183

6/6/18

Index #                    Page 2 of 2                    EFM-1

**NEW YORK STATE
DEPARTMENT** *of*
**FINANCIAL SERVICES
ONE COMMERCE PLAZA
ALBANY, NY 12257**



Corporation Service Company
Travelers Casualty and Surety Company
80 State Street
Albany, New York 12207-2543

